# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Cases No. 1:14CR00010-002 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **RICHARD CHARLES SHAW,** | ) Judge James P. Jones |
| | ) |
| Defendant. | ) |

*Daniel J. Murphy, Assistant United States Attorney, Abingdon, Virginia, for United States; Richard Charles Shaw, Pro Se Defendant.*

Defendant Richard Charles Shaw, sentenced by this court in 2015, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018).[1]  His motion is based on the risk posed to him by the COVID-19 pandemic, his elderly mother's need for a caretaker, the increased punitive nature of incarceration due to pandemic restrictions, and his rehabilitation.  For the reasons that follow, I will deny the motion.

---

[1] The Federal Public Defender was appointed to represent Shaw but declined to file a supplemental motion on his behalf.  Notice of No Further Filings, Dec. 4, 2021, ECF No. 1275.

I.

Shaw was a large-scale distributor of methamphetamine. The Presentence Investigation Report (PSR) indicated that he admitted to having been involved with methamphetamine for 30 years. He was "known to take guns in trade for methamphetamine," PSR ¶ 7, and traded drugs for firearms from an unindicted coconspirator in this case. ECF No. 679. The conspiracy lasted for five years and Shaw was involved through the entire length of it. He could have been accountable for more than 15 kilograms of methamphetamine, but pursuant to his plea agreement, he was held accountable only for the distribution of five kilograms.

Shaw pled guilty to conspiring to manufacture, possess with intent to distribute, and distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). While he admitted to selling methamphetamine for decades, Shaw's criminal history revealed only one prior drug conviction in South Carolina for which he was sentenced to three days in custody. I sentenced him to a term of imprisonment of 210 months, at the low end of his Guidelines range.

Shaw is now 66 years old. He is currently housed at FCI Milan. His projected release date is March 14, 2029.

The government concedes that Shaw has a number of health conditions that place him at increased risk of severe illness from COVID-19, including heart disease. Shaw has refused to be vaccinated against COVID-19 because he claims to

have a history of Guillain-Barre Syndrome (GBS), and he contends that medical providers at his facility have advised him not to get vaccinated.  Shaw's prison medical records do not provide any independent corroboration of his history of GBS, although he reported to the probation officer in 2015 that he had been diagnosed in 1983.  The PSR indicates that medical records were requested related to that diagnosis and treatment, but the treating hospital advised that the records could not be located.  PSR ¶ 90, ECF No. 679.

The Centers for Disease Control and Prevention (CDC) advises that "GBS after COVID-19 vaccination is rare."  Centers for Disease Control and Prevention, *Safety of COVID-19 Vaccines*, available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html (last visited Apr. 2, 2022).  The agency reports that although there was an increased risk of GBS after the J&J/Janssen COVID-19 vaccine, "[a]nalysis found no increased risk of GBS after Pfizer-BioNTech or Moderna (mRNA COVID-19 vaccines)."  Centers for Disease Control and Prevention, *Selected Adverse Events Reported after COVID-19 Vaccination*, available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/adverse-events.html (last visited Apr. 2, 2022).

Shaw's mother is 98 years old.  Shaw asserts that his presence is needed to care for her.  A family nurse practitioner has submitted a letter dated December 20, 2021, stating:

> My patient Mary Shaw is at the end stage of life and has entered into hospice care. Her health will not be improving and is expected to decline rapidly. It would benefit Ms. Shaw to have her son at home to help her for the remainder of her time.

Ltr., ECF No. 1283. Shaw notes in his motion that his brother is able to help his mother on occasion.

## II.

The court begins with the mandatory threshold requirement for granting relief — administrative exhaustion. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021). A district court may modify a term of imprisonment either upon motion of the Bureau of Prisons (BOP) Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brewington*, No. 2:12CR00009-007, 2019 WL 3317972, at *1 (W.D. Va. July 24, 2019).

In its opposition to the defendant's motion, the government argued that Shaw had not exhausted his administrative remedies because the BOP had no record of Shaw submitting a request to his warden, and Shaw had not filed a copy of his request with his motion. In reply, however, the federal public defender, on Shaw's behalf, filed a copy of a letter dated July 23, 2020, from Warden Jonathan Hemingway to Shaw denying his request for compassionate release. ECF No. 1285.

Shaw filed his motion in this court more than thirty days after the date of the letter. Given this evidence, I find that Shaw has met the statutory exhaustion requirement, and I will proceed to consider his motion on the merits.

### III.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. The Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant.

Considering the evidence before me, I cannot conclude that Shaw has met his burden of establishing an extraordinary and compelling reason for relief. Shaw could protect himself against the risk posed by COVID-19 by getting vaccinated, but he has refused to do so. While he asserts that he has a valid medical reason for declining vaccination, he has not offered any evidence in support of that stance. I cannot conclude based on the record before me that a COVID-19 vaccine poses a

greater risk to him than the disease itself, given his unvaccinated status, age, and underlying medical conditions.

I am sympathetic to Mary Shaw's health situation, but Shaw has not shown that he is the only person available to care for her.  He states that his brother can assist her.  He does not indicate who has cared for her over the past seven years while he has been incarcerated.  I do not find that Shaw's mother's health condition creates an extraordinary or compelling reason justifying his release.

The harshness of prison conditions caused by pandemic restrictions cannot constitute an extraordinary and compelling reason for release, as they effect every federal prisoner.

Finally, Shaw asserts that his good behavior in prison warrants his release. Unfortunately, neither party filed Shaw's prison disciplinary records with the court, so I cannot assess his rehabilitation.  Regardless, given his decades of drug dealing and the nature and circumstances of the offense, I would not find that even a perfect prison disciplinary record established an extraordinary and compelling reason for relief on its own.

Because I find that Shaw has not met his burden of establishing an extraordinary and compelling reason for relief, I need not consider the factors set forth in 18 U.S.C. § 3553(a).  Nevertheless, I note that Shaw has served only about half of his sentence.  I find that his existing sentence is necessary to reflect the

seriousness of the offense, to provide just punishment, and to afford adequate deterrence to criminal conduct.

IV.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 1270, is DENIED.

ENTER: April 4, 2022

/s/  JAMES P. JONES
Senior United States District Judge